**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**MAR 28 2000**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

CHAD CLINT COFFEY,

Petitioner-Appellant,

v.

GARY E. GIBSON; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

Respondent-Appellee.

No. 99-7094
(E. District of Oklahoma)
(D.C. No. 97-CV-207-B)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Chad Coffey was tried by jury in Oklahoma state court and convicted of murder in the first degree. Coffey was sentenced to life imprisonment. After exhausting his state appeals, Coffey filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2254. As the sole ground for habeas relief, Coffey alleged that the state trial court failed to properly instruct the jury on his theory of defense, *i.e.*, defense of another.

The district court referred Coffey's § 2254 habeas petition to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge prepared a Report and Recommendation ("R & R"), recommending that Coffey's petition be denied. The magistrate began by noting that Coffey could prevail on his claim only by demonstrating that the trial court's failure to instruct the jury on Coffey's theory of defense "'had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial.'" R & R at 2 (quoting *Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir. 1995).[1] The magistrate judge then undertook an exceedingly thorough review of the record. Based on that review, the magistrate judge determined that because evidence

---

[1] To the extent that Coffey's brief on appeal could be construed as asserting that the refusal to give a theory of defense instruction always constitutes a due process violation when there is "some" evidence supporting theory, that argument is foreclosed by *Maes*. *See* 46 F.3d at 985 (citing Fourth Circuit decision in *Nickerson v. Lee*, 971 F.2d 1125, 1138 (4th Cir. 1992), for proposition that failure to give theory-of-defense instruction, even when there was sufficient evidence to support such an instruction, does not necessarily rise to a due process violation).

supporting Coffey's defense-of-another theory was virtually nonexistent, the failure to give an instruction on that theory did not render Coffey's trial fundamentally unfair. Upon *de novo* review of the R & R, the district court agreed that within the context of the entire trial, the state trial court's failure to give the jury the requested instruction did not result in a miscarriage of justice or fundamentally unfair trial. Furthermore, concluding that Coffey had not "made a substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), the district court denied Coffey's request for a certificate of appealability ("COA").

The case is before this court on Coffey's renewed request for a COA. Coffey can make a substantial showing of the denial of a constitutional right, and therefore establish his entitlement to a COA, by demonstrating that the district court's resolution of his claim is debatable among jurists of reason, subject to a different resolution on appeal, or deserving of further proceedings. *See Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Coffey has not made such a showing. A review of Coffey's appellate brief, the district court order, the R & R, and the entire record on appeal, clearly reveals that the state trial court's failure to give a defense-of-another instruction did not render Coffey's trial fundamentally unfair.

Accordingly, this court **DENIES** Coffey's request for a COA for substantially those reasons set out in the district court order dated July 14, 1999, and the R & R dated May 7, 1998. This appeal is hereby **DISMISSED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge